## STATE ex LYONS v LEWIS et

Ohio Appeals, 2nd Dist, Franklin Co

No 2516.   Decided Oct 17, 1935

Arthur L. Rowe, Columbus, for relator.
J. L. Davis, Columbus, E. W. McCormick, Columbus, Charles R. Petrie, Columbus, and J. Davies, Jr., Columbus, for respondents.

## OPINION

By HORNBECK, J.

On April 23, 1902, House Bill Number 934, 95 O.L. 223, was enacted by the Legislature of Ohio. It provided for authorizing the levy of taxes in municipalities to provide for Firemen's, Police and Sanitary Police Pension or Relief Funds, and to grant and perpetuate Boards of Trustees for the administration of such funds. The Act was comprehensive and authorized the organization of a Pension Fund Board for firemen and policemen in municipal corporations.

Section 2 (g) of the Act provided:

"All persons drawing pensions or enjoying or entitled to the same or other relief from existing police relief or pension funds, are hereby made beneficiaries in any police relief funds created under this section in the same municipality where said persons are beneficiaries in said existing police pension or relief funds, and shall remain such, receiving such amounts and subject to such rules as govern the distribution of said existing police pension or relief funds. Upon the organization of any board of trustees of a police relief fund created under this section, all moneys, credits, investments and property of every kind and description held by existing police pension or relief boards in any municipality where new boards are organized under this section, shall by said existing boards be delivered, transferred and conveyed to said new boards, and the said new boards created under this section are hereby made the successors of the existing boards as to the ownership of all such property."

Pursuant to the authority granted by the above quoted Act the City of Columbus by appropriate ordinance, number 20079, provided as of date June 10, 1902 for the establishment of a Policemen's Pension Fund, and thereafter such fund was created, and since that date and now is being administered by the respondent Board of Trustees. It is necessary in order that the relator may have favorable action on his application for relief from the respondent board that he bring himself within the terms of §2 (g) of the Act as heretofore quoted.

The respondents urge several reasons against the relief prayed for, namely, that it does not appear that the relator was retired from the police servce by reason of permanent disability, that the Police Relief Fund is not under the statute available for the payment of the type of relief to which the relator was entitled as a member of the Police Benevolent Association when he left the service in 1899, and that there was not at the time of the passage of the Act of April 23, 1902, supra, or the enactment of Ordinance number 20079 of the City of Columbus any existing Police Relief or Pension Fund from which the relator was entitled to any pension or relief.

Without respect to the first two questions urged by the respondents, it clearly appears in our judgment, that the Benevolent Association Fund of which the relator was a member and from which he was entitled to benefits under certain conditions terminated and to all intents was dissolved in the year 1899. Section 2 (g) of the Act of April 23, 1902, could then have no application to include relator as a member of and entitled to participate in the Police Relief Fund as administered by the Board of Trustees under Ordinance number 20079 of date June 10, 1902.

The relator on and after 1899 drew no pension, nor was he entitled to a pension or other relief from any existing Police Relief or Pension Funds. There was no such Pension or Relief Funds existing at the time that the present Police Relief Fund was created, the organization having been disbanded and the money divided among those entitled thereto. The purpose of the Act as appearing therein and particularly by that part which we have heretofore quoted was to perpetuate any existing organization providing or assuring pension or relief to members of the police force, and that the funds then in the hands of the Board of such Associaton should pass to the board to be created under the Act. Not only did the Benevolent Association from which the relator was entitled to benefits disappear, but its funds were exhausted.

In view of the fact that it clearly appears that the relator could not bring himself within the letter of the Act upon the most favorable viewpoint of the testimony in the record, for the obvious reason to which we have directed attention, it will not be necessary to consider or determine the other defensive matters asserted by the respondents.

The relator has not established his right to participate in the Police Relief Fund of the City of Columbus, and therefore the prayer for mandamus must be denied.

BARNES, PJ, and BODEY, J, concur.